1  **STP**
   **KIMBALL JONES, ESQ.**
2  Nevada Bar No. 12982
   **JACOB G. LEAVITT, ESQ.**
3  Nevada Bar No. 12608
   **RICHARD FONBUENA, ESQ.**
4  Nevada Bar No. 15041
   **BIGHORN LAW**
5  716 S. Jones Blvd.
   Las Vegas, Nevada 89107
6  Phone: (702) 333-1111
   Fax: (702) 507-0092
7  Jacob@BighornLaw.com
   Richard@BighornLaw.com
8  *Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ARLEM FIGUEROA, DANIEL FIGUEROA, DAMIEN FIGUEROA, DANTE FIGUEROA, LESLIE FIGUEROA, and DANIA FIGUEROA, individually, <br><br> Plaintiffs, <br><br> v. <br><br> FORD MOTOR COMPANY; DOE OWNERS I-V, DOE DRIVERS I-V, ROE EMPLOYERS I-X, and ROE COMPANIES I-X, <br><br> Defendants. | CASE NO: 2:19-cv-01236-JCM-VCF |

## **STIPULATION AND ORDER TO FILE SECOND AMENDED COMPLAINT**

**WHEREAS** on July 19, 2019, Plaintiffs, ARLEM FIGUEROA, DANIEL FIGUEROA, DAMIEN FIGUEROA, DANTE FIGUEROA, LESLIE FIGUEROA, and DANIA FIGUEROA, filed their complaint for Negligence, Product Defect/Strict Liability, Failure to Inspect and Warn, and Breach of Implied Warranty as to All Defendants in this action against FORD MOTOR COMPANY (Defendant).

**WHEREAS** Plaintiffs seek to file their Second Amended Complaint to reflect Plaintiffs LESLIE FIGUEROA and DANIA FIGUEROA are minors and to add the parent and legal guardians of Plaintiffs LESLIE FIGUEROA and DANIA FIGUEROA.

**WHEREAS** a copy of Plaintiffs Proposed Second Amended Complaint is attached hereto as **Exhibit "1"**.

**IT IS HEREBY STIPULATED,** by and between Plaintiffs, ARLEM FIGUEROA, DANIEL FIGUEROA, DAMIEN FIGUEROA, DANTE FIGUEROA, LESLIE FIGUEROA, and DANIA FIGUEROA, and Defendant FORD MOTOR COMPANY, by and through their respective counsel, that:

1. Plaintiffs should be granted leave to file their Second Amended Complaint, a copy of which is attached hereto as **Exhibit "1".**
2. Defendant's responsive pleading shall be due thirty (30) days after the Second Amended Complaint is filed.

DATED: November 22, 2019  **BIGHORN LAW**

BY: /s/Kimball Jones
Kimball Jones, Esq.
Nevada Bar No. 12982
Jacob G. Leavitt, Esq.
Nevada Bar No. 12608
Richard Fonbuena, Esq.
Nevada Bar No. 15041
*Attorney for Plaintiffs*

DATED: November 22, 2019  **SNELL & WILMER, L.L.P.**

BY: /s/Morgan T. Petrelli
Vaughn A. Crawford, Esq.
Nevada Bar No. 7665
Morgan T. Petrelli, Esq.
Nevada Bar No. 13221
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
*Attorneys for Defendant Ford Motor Company*

4828-5981-6877

# ORDER

The Court having reviewed the foregoing Stipulation, and good cause appearing therefore:

**IT IS SO ORDERED** that Plaintiffs, ARLEM FIGUEROA, DANIEL FIGUEROA, DAMIEN FIGUEROA, DANTE FIGUEROA, LESLIE FIGUEROA, and DANIA FIGUEROA, are granted leave to file their Second Amended Complaint to add the parents and legal guardians of minor Plaintiffs Leslie Figueroa and Dania Figueroa, a copy of which is attached hereto as **Exhibit "1".**

**IT IS ALSO ORDERED** that Defendant FORD MOTOR COMPANY's responsive pleading shall be due thirty (30) days after the Second Amended Complaint is filed.

**IT IS FURTHER ORDERED** that Plaintiffs shall file their Second Amended Complaint within fourteen (14) days after the date this Order is transmitted via the CM/ECF filing system.

IT IS SO ORDERED.

DATED this 22nd day of November, 2019.

_____
UNITED STATES MAGISTRATE JUDGE

4828-5981-6877

| | |
|---|---|
| 1 | **KIMBALL JONES, ESQ.** |
|   | Nevada Bar No. 12982 |
| 2 | **JACOB G. LEAVITT, ESQ.** |
|   | Nevada Bar No. 12608 |
| 3 | **RICHARD FONBUENA, ESQ.** |
|   | Nevada Bar No. 15041 |
| 4 | **BIGHORN LAW** |
|   | 716 S. Jones Blvd. |
| 5 | Las Vegas, Nevada 89107 |
|   | Phone: (702) 333-1111 |
| 6 | Fax: (702) 507-0092 |
|   | Jacob@BighornLaw.com |
| 7 | Richard@BighornLaw.com |
|   | *Attorneys for Plaintiffs* |

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ARLEM FIGUEROA, individually; DANIEL FIGUEROA, individually, JANIE SAN JUANITA GARCIA as natural parent and legal guardian of DANIA FIGUEROA, a Minor; DAMIEN FIGUEROA, individually; DANTE FIGUEROA, individually; MARISOL CONTREAS, as natural parent and legal guardian of LESLIE FIGUEROA, a Minor,

Plaintiffs,

v.

FORD MOTOR COMPANY; DOE OWNERS I-V, DOE DRIVERS I-V, ROE EMPLOYERS I-X, and ROE COMPANIES I-X,

Defendants.

CASE NO: 2:19-cv-01236-JCM-VCF

## SECOND AMENDED COMPLAINT

Plaintiffs, ARLEM FIGUEROA, individually, DANIEL FIGUEROA, individually, JANIE SAN JUANITA GARCIA as natural parent and legal guardian of DANIA FIGUEROA, a Minor, DAMIEN FIGUEROA, individually, DANTE FIGUEROA, individually, MARISOL CONTREAS, as natural parent and legal guardian of LESLIE FIGUEROA, a Minor, by and through their attorneys,

4839-1166-9677

KIMBALL JONES, ESQ., JACOB G. LEAVITT, ESQ., and RICHARD FONBUENA, ESQ., with the Law Offices of BIGHORN LAW, and for their causes of action against Defendant FORD MOTOR COMPANY, and each of them as follows:

**GENERAL ALLEGATIONS**

1. PLAINTIFF, ARLEM FIGUEROA, individually, was at all times relevant to this action a resident of Salt Lake City, Salt Lake County, Utah.

2. PLAINTIFF, DANIEL FIGUEROA, individually, was at all times relevant to this action a resident of Rio Grande City, Starr County, Texas.

3. PLAINTIFF, JANIE SAN JUANITA GARCIA as natural parent and legal guardian of DANIA FIGUEROA, a Minor, was at all times relevant to this action a resident of Rio Grande City, Starr County, Texas.

4. PLAINTIFF, DAMIAN FIGUEROA, individually, was at all times relevant to this action a resident of Rio Grande City, Starr County, Texas.

5. PLAINTIFF, DANTE FIGUEROA, individually, was at all times relevant to this action a resident of Rio Grande City, Starr County, Texas.

6. PLAINTIFF, MARISOL CONTREAS, and as natural parent and legal guardian of LESLIE FIGUEROA, a Minor, was at all times relevant to this action a resident of Salt Lake City, Salt Lake County, Utah.

7. Upon information and belief, that at all times relevant to this action DEFENDANT FORD MOTOR COMPANY, (hereinafter Defendant "FORD") was and is a Delaware Corporation, and is and was doing business in Clark County, Nevada and was the manufacturer of the 2003 Ford Explorer driven by PLAINTIFF ARLEM FIGUEROA and/or DOE DRIVERS I-V, at the time of

the subject collision of June 24, 2017 in the County of Clark, State of Nevada.

8. Upon information and belief and at all times mentioned herein, Defendant FORD is a Nevada CT Corporation, duly organized and authorized to conduct business in the County of Clark, State of Nevada.

9. Upon information and belief and at all times mentioned herein, Defendant DOES I-X, individuals residing in the County of Clark, State of Nevada, and responsible for inspection, maintenance of the subject vehicle identified herein and/or was or were directing the course and scope of the actions of one or more of the other Defendants named herein.

10. Upon information and belief and at all times mentioned herein, Defendant ROE Corporations, was/were business entities that were the agent(s) and/or employee(s) of one or more of the other Defendants named herein and/or was/were acting in the course and scope of said agency and/or employment with one or more of the other Defendants named herein.

11. Upon information and belief and at all times mentioned herein, Defendant ROE MANUFACTURER I-V is, and at all times pertinent hereto was, an entity doing business in the State of Nevada, and is the manufacturer of the vehicle that was driving in the County of Clark, State of Nevada.

12. Upon information and belief, and at all times mentioned herein, Defendant ROE DISTRIBUTOR I-V is, and at all times pertinent hereto was, an entity doing business in the State of Nevada, and was the distributor/installer of the vehicle that was driving in the County of Clark, State of Nevada.

13. Upon information and belief, and at all times mentioned herein, Defendant ROE RETAILER I-V is, and at all times pertinent hereto was, an entity doing business in the State of Nevada, and was the

4839-1166-9677

entity who sold and/or provided service/maintenance of the vehicle that was driving in the County of Clark, State of Nevada.

14. The true names and capacities, whether individual, corporate, partnership, associate or otherwise, of Defendants DOES I-V and ROES I-V are unknown to Plaintiffs who therefore sue these Defendants by such fictitious names. Plaintiffs are informed, believe and thereon allege, that each Defendant designated herein as DOEs and/or ROEs is/are responsible in some manner for the events and happenings referred to and which caused damages proximately to Plaintiffs as herein alleged, and that Plaintiffs will ask leave of this Court to amend this Complaint to insert the true names and capacities of the Named DOEs and ROEs when the same have been ascertained, and to join such Defendants in this action.

15. That or on about June 24, 2017, PLAINTIFFS were injured in a single vehicle roll-over accident caused by a left rear tire malfunction and control mechanisms of the vehicle causing the subject vehicle lose control leading into a multiple roll accident. This accident caused serious injury to PLAINTIFFS.

16. Upon information and belief, and at all times mentioned herein, Defendants FORD and/or DOES I-X, ROE CORPORATIONS I-X, ROE MANUFACTURER I-V and/or ROE DISTRIBUTOR I-V and/or ROE RETAILER I-V (hereinafter, collectively "DEFENDANTS") were at all times relevant to this action engaged in the design and/or manufacture and/or distributor and/or sales and/or installation and/or inspection and/or maintenance of their vehicles, including the subject vehicle in Clark County, Nevada.

**FIRST CAUSE OF ACTION**
**(Negligence)**

17. Plaintiffs reallege and incorporate herein by reference each and every allegation contained in the paragraphs above as though fully set forth herein.

4839-1166-9677

18. That DEFENDANTS designed, tested, manufactured, developed, assembled, marketed and placed in the stream of commerce, the subject vehicle.

19. That DEFENDANTS owed a duty of care to Plaintiffs, in the design, testing, manufacture, assembly, marketing, developing, and sale of the subject vehicle.

20. Defendants breached its duty of care by its negligent, careless, wanton, willful, and indifferent failure to act including, but not limited to:

    a. The negligent and improper design, testing, manufacture, assembly, inspection and maintenance of the subject vehicle.

    b. The failure to provide adequate, accurate and effective warnings and instructions to owners, operators and users of the vehicle.

21. That as a direct and proximate result of these defects and/or acts and/or omissions, the subject vehicle, including the Electronic Stability Control malfunctioned while Plaintiff was operating the vehicle and otherwise using it, directly and proximately causing severe injuries and damages to Plaintiff as more fully set forth and described hereinbelow.

22. By reason of the aforesaid and as a direct and proximate result thereof, Plaintiffs sustained bodily injuries, all or some of which conditions may be permanent and disabling in nature, and all to Plaintiffs' general damage in a total amount not yet fully ascertained, but nevertheless in an amount in excess of Fifteen Thousand Dollars ($15,000.00), for each of them.

23. By reason of the aforesaid and as a direct and proximate result of the aforementioned negligence of DEFENDANTS, and each of them, Plaintiffs were required to and did and will undergo medical and other treatment for their injuries, and suffered, and will continue to suffer, in mind and in body, all to Plaintiffs' damage in an amount not yet fully ascertained but nevertheless in excess of Fifteen Thousand Dollars ($15,000.00), for each of them.

24. That said services, care and treatment are continuing and shall continue in the future, all to Plaintiffs' damage in a presently unascertainable amount, and Plaintiffs will amend the Complaint accordingly when the same is fully ascertained.

25. That prior to the injuries sustained and complained of herein, Plaintiffs were able-bodied persons and physically capable of engaging in all other activities for which Plaintiffs were otherwise suited.

26. That by reason of the circumstances and as a direct and proximate result thereof, Plaintiffs have incurred past pain and suffering and have been required to and did lose the ability to perform many daily life and work activities and may have restrictions on future life and work activities and shall continue to experience scarring, future pain and suffering and be limited in activities in the future, which have caused and shall continue to cause Plaintiffs damages in a presently unascertainable amount, and in that regard Plaintiffs will ask leave of this Court to insert said amount when same shall be fully ascertained.

27. That it has been necessary for Plaintiffs to retain the services of an attorney to prosecute this action and Plaintiffs are entitled to attorneys' fees, costs, and prejudgment and post judgment interest herein.

## SECOND CAUSE OF ACTION
**(Product Defect/Strict Liability)**

28. Plaintiffs reallege and incorporate herein by reference each and every allegation contained in the paragraphs above as though fully set forth herein.

29. That DEFENDANTS, and each of them, designed, manufactured, distributed, sold inspected and maintained the subject vehicle that was not fit for its intended purpose and use.

4839-1166-9677

30. That DEFENDANTS are strictly liable for the unreasonably dangerous and defective condition of the vehicle, including, but not limited to, the Electronic Stability Control.

31. That DEFENDANTS breached their express and implied warranties with respect to the subject vehicle.

32. That DEFENDANTS should have discovered, through testing, inspection and maintenance, and other means, that the vehicle was unfit for its intended use and purpose and was unreasonably dangerous.

33. That by reason of the aforesaid and as a direct and proximate result thereof, Plaintiffs sustained bodily injury all or some of which conditions may be permanent and disabling in nature, and all to Plaintiffs' general damages in a total sum not yet fully ascertained but nevertheless in excess of Fifteen Thousand Dollars ($15,000.00), for each of them.

34. That by reason of the aforesaid and as a direct and proximate result thereof, Plaintiffs were required to and did and will receive medical and other treatment for their injuries, and suffered, and will continue to suffer, in mind and in body, all to Plaintiffs' damages in a total sum not yet fully ascertained but nevertheless in excess of Fifteen Thousand Dollars ($15,000.00), for each of them.

35. That said medical services, care and treatment are continuing and shall continue in the future, all to Plaintiffs' damage in a presently unascertainable amount, and Plaintiffs will amend the Complaint accordingly when the same is fully ascertained.

36. That prior to the injuries sustained and complained of herein, Plaintiffs were able-bodied persons and physically capable of engaging in all other activities for which Plaintiffs were otherwise suited.

4839-1166-9677

37. That by reason of the circumstances and as a direct and proximate result thereof, Plaintiffs have incurred past pain and suffering and have been required to and did lose the ability to perform many daily life and work activities and may have restrictions on future life and work activities and shall continue to experience scarring, future pain and suffering and be limited in activities in the future, which have caused and shall continue to cause Plaintiffs damages in a presently unascertainable amount, and in that regard Plaintiffs will ask leave of this Court to insert said amount when same shall be fully ascertained.

38. That it has been necessary for Plaintiffs to retain the services of an attorney to prosecute is action and Plaintiffs are entitled to attorneys' fees, costs, and prejudgment and post judgment interest herein.

**THIRD CASUE OF ACTION**
**(Failure to Inspect and Warn)**

39. That DEFENDANTS, and each of them, knew or should have known that the subject vehicle, including the Electronic Stability Control was defective and/or dangerous in its design and manufacture and/or in its inspection, maintenance and use, and failed to warn Plaintiffs of that defect or dangerous condition.

40. That by reason of the aforesaid and as a direct and proximate result thereof, Plaintiffs sustained bodily injury all or some of which conditions may be permanent and disabling in nature, and all to Plaintiffs' general damages in a total amount not yet fully ascertained but nevertheless in excess of Fifteen Thousand Dollars ($15,000.00), for each of them.

41. That by reason of the aforesaid and as a direct and proximate result thereof, Plaintiffs were required to and did and will receive medical and other treatment for Plaintiffs' injuries, and suffered, and will continue to suffer, in mind and in body, all to Plaintiffs' damage in a sum in

4839-1166-9677

excess of Fifteen Thousand Dollars ($15,000.00), for each of them; and that said services, care and treatment are continuing and shall continue in the future, all to Plaintiffs' damage in a presently unascertainable amount, and Plaintiffs will amend the Complaint accordingly when the same shall be ascertained.

42. That prior to the injuries sustained and complained of herein, Plaintiffs were able-bodied persons and physically capable of engaging in all other activities for which Plaintiffs were otherwise suited.

43. That by reason of the circumstances and as a direct and proximate result thereof Plaintiffs have incurred past pain and suffering and have been required to and did lose the ability to perform many daily life and work activities and may have restrictions on future life and work activities and shall continue to experience scarring, future pain and suffering and be limited in activities in the future, which have caused and shall continue to cause Plaintiffs damages in a presently unascertainable amount, and in that regard Plaintiffs will ask leave of this Court to insert said amount when same shall be fully ascertained.

44. That it has been necessary for Plaintiffs to retain the services of an attorney to prosecute this action and Plaintiffs are entitled to attorneys' fees, costs, and prejudgment and post judgment interest herein.

**FOURTH CAUSE OF ACTION**
**(Breach of Implied Warranty as to All Defendants)**

45. Plaintiffs reallege and incorporate herein by reference each and every allegation contained in the paragraphs above as though fully set forth herein.

4839-1166-9677

46. That through the design, testing, manufacture, assembly, marketing, sale, inspection and maintenance of the subject vehicle, implied warranties of merchantability and fitness for use arose by operation of Nevada common law.

47. That the subject vehicle and their components and subassemblies, were neither merchantable nor fit for their intended use, and, on the contrary, were defective and unreasonably dangerous due to the breach by DEFENDANTS of the implied warranties of merchantability and fitness for use for the reasons described above.

48. That by reason of the aforesaid and as a direct and proximate result thereof, Plaintiffs sustained bodily injury all or some of which conditions may be permanent and disabling in nature, and all to Plaintiffs' general damages in a total amount that has not yet been fully ascertained but nevertheless is in excess of Fifteen Thousand Dollars ($15,000.00), for each of them.

49. That by reason of the aforesaid and as a direct and proximate result thereof, Plaintiffs were required to and did and will receive medical and other treatment for their injuries, and suffered, and will continue to suffer, in mind and in body, all to Plaintiffs' damage in a sum in excess of Fifteen Thousand Dollars ($15,000.00) for each of them; and that said services, care and treatment are continuing and shall continue in the future, all to Plaintiffs' damage in a presently unascertainable amount, and Plaintiffs will amend the Complaint accordingly when the same shall be ascertained.

50. That prior to the injuries sustained and complained of herein, Plaintiffs were able-bodied persons and physically capable of engaging in all other activities for which Plaintiffs were otherwise That by reason of the circumstances and as a direct and proximate result thereof.

51. Plaintiffs have incurred past pain and suffering and has been required to and did lose the ability to perform many daily life and work activities and may have restrictions on future life and work

Page **10** of **12**

4839-1166-9677

activities and shall continue to experience scarring, future pain and suffering and be limited in activities in the future, which have caused and shall continue to cause Plaintiffs damages in a presently unascertainable amount, and in that regard Plaintiffs will ask leave of this Court to insert said amount when same shall be fully ascertained.

52. That it has been necessary for Plaintiffs to retain the services of an attorney to prosecute this action and Plaintiffs are entitled to attorneys' fees, costs, and prejudgment and post judgment interest herein.

## **PRAYER FOR RELIEF**

WHEREFORE PLAINTIFFS, and each of them, expressly reserving the right herein to include all items of damage, demand judgment against the DEFENDANTS, and each of them, as follows:

1. General damages for PLAINTIFFS, and each of them, in an amount in excess of Fifteen Thousand Dollars ($15,000.00), each;
2. Special damages for PLAINTIFFS', and each of their, medical and miscellaneous expenses as of this date, plus future medical expenses and the miscellaneous expenses incidental thereto in a presently unascertainable amount;
3. Special damages for lost wages in a presently unascertainable amount, and/or diminution of the earning capacity of said PLAINTIFFS, and each of them, plus possible future loss of earnings and/or diminution of PLAINTIFFS', and each of their, earning capacity in a presently unascertainable amount;
4. Special damages for other incidental damages;
5. Costs of this suit, attorney's fees, and prejudgment interest; and

/ / /

/ / /

Page **11** of **12**

4839-1166-9677

6. Any other relief as to the Court may seem just and proper in the premises.

DATED this _____ day of November, 2019.

**BIGHORN LAW**

By: ___/s/Kimball Jones___
**KIMBALL J. JONES, ESQ.**
Nevada Bar No.: 12982
**JACOB G. LEAVITT, ESQ.**
Nevada Bar No.: 12982
**RICHARD FONBUENA, ESQ.**
Nevada Bar No.: 15041
716 S. Jones Blvd.
Las Vegas, Nevada 89107
*Attorneys for Plaintiffs*

4839-1166-9677